IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAFOOD SUPPLY COMPANY, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| 1STDIBS.COM, INC., | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Seafood Supply Company, L.P. ("Plaintiff" or "Seafood Supply") states its Complaint against Defendant 1stdibs.com, Inc. ("Defendant") and alleges as follows:

**NATURE OF ACTION**

1.  By this action, Plaintiff seeks a declaration that: (a) it has not infringed and is not infringing Defendant's federal trademark Registration Nos. 3,849,749, 3,593,643, and 3,999,182, its common law trademark rights, or any other trademark rights; (b) has not committed and is not committing unfair competition under common law or Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) has not diluted and is not diluting any marks of Defendant under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), or under TEX. BUS. & COMM. CODE § 16.29 or other law; (d) it has not engaged in cybersquatting and is not cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); and (e) has not committed and is not committing false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## PARTIES

2.     Plaintiff Seafood Supply Company, L.P. is a Texas limited partnership located in Dallas, Texas.  Seafood Supply is a Texas citizen.

3.     Upon information and belief, Defendant 1stdibs.com, Inc. is a Delaware corporation with its principal place of business located in New York, New York.  Defendant can be served with process through its company agent, Michael Bruno, at 156 5th Avenue, Suite 200, New York, NY 10010-8222.  Defendant is a citizen of Delaware and New York.

## JURISDICTION AND VENUE

4.     This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.  There is an actual controversy between Seafood Supply and Defendant with respect to whether Seafood Supply has infringed or diluted Defendant's purported trademark rights, committed cybersquatting, falsely advertised, or engaged in unfair competition because Defendant sent a cease and desist letter on or about March 20, 2012 alleging violations of the rights included in this action.  *See* Exhibit A.  Later, Defendant further engaged in communications with Seafood Supply threatening litigation after sending its initial cease and desist letter, and then actually filed suit in the Southern District of New York on the very claims for which declaratory judgment is sought.  *See* Exhibit B.  Seafood Supply has not been served with process as of the date of this filing.

5.     The Court has subject-matter jurisdiction pursuant to 15 U.S.C. §§ 1121 and 1125; 28 U.S.C. §§ 1331, 1332, and 1338; and 28 U.S.C. §§ 2201 and 2202. The Court has subject-matter jurisdiction over the Texas state-law claims in this action under 28 U.S.C. § 1367 because these claims arise out of the same transactions and occurrences giving rise to the federal

Lanham Act claims and also under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Seafood Supply and Defendant are citizens of different states.

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has sold or advertised for sale its products or services in this district in conjunction with its marks; because Defendant operates an e-commerce website <1stdibs.com>, which is readily accessible by persons residing in this district; and because Defendant has by telephone and letter sent communications into this district raising alleged infringement issues and other causes of action. Specifically, Defendant's website contains sales listings and real estate services for homes for sale in this judicial district and also allows the website user to search for homes within this judicial district. *See* Exhibit C. Similarly, Defendant's website allows users in this judicial district to search for goods to purchase within this judicial district. *See* Exhibit D. Additionally, in Defendant's lawsuit filed in the Southern District of New York, Defendant essentially admits that personal jurisdiction is proper in this judicial district because "[a]s a result of [Defendant's] advertising and promotional efforts, the Mark has become famous thought [sic] the United States." *See* Exhibit B at ¶ 22. Clearly, Defendant has specifically directed advertising to residents in this judicial district and has included the trademarks the subject of this dispute in that advertising. Thus, exercising personal jurisdiction over Defendant is fair, just, and proper as Defendant has purposefully availed itself of the laws of the State of Texas.

7. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events giving rise to the claims occurred in this district and because Defendant is a company and the federal courts in this judicial district have personal

jurisdiction over Defendant related to Seafood Supply's claims as Defendant conducts business in this District.

## BACKGROUND

8. Seafood Supply is a seafood wholesaler based in Dallas, Texas. On or about May 20, 1997, Seafood Supply registered the domain name <firstdibs.com> with plans to use it in its commercial activities.

9. Defendant claims to be an online marketplace that provides consumers with access to a broad range of goods and services, including upscale and one-of-a-kind artwork, furniture, antiques, fashion, accessories, and real estate services. Defendant operates a website with the domain name <1stdibs.com>, which, upon information and belief, was registered in 1998.

10. Upon information and belief, Defendant holds several federally registered trademarks for the mark 1STDIBS, including United States Patent and Trademark Registration Nos. 3,849,749 (registered in 2010), 3,593,643 (registered in 2009), and 3,999,182 (registered in 2011).

11. Upon information and belief, Defendant did not use its domain name <1stdibs.com> or its mark 1STDIBS until after 1997, when Seafood Supply had already registered its domain name <firstdibs.com>.

12. In or about 2008, Defendant contacted Seafood Supply and demanded transfer of Seafood Supply's domain name, to which Seafood Supply refused. Defendant has continually attempted to hijack Seafood Supply's domain name <firstdibs.com> despite the fact that Seafood Supply registered such domain name long before Defendant attempted to register its domain name <1stdibs.com> and long before Defendant purported to use the mark 1STDIBS to identify its

goods and services. Defendant was aware of Seafood Supply's registration and use of its domain name <firstdibs.com> since at least 2008. Despite this knowledge in 2008, Defendant did not file suit until June 2012, about four years later. Having waited four years, Defendant could not have suffered any irreparable harm caused by Seafood Supply's use and registration of the <firstdibs.com> domain. Defendant's delay in seeking legal relief was intentional.

13. Seafood Supply has plans to use its domain name <firstdibs.com> as part of marketing effort in its seafood supply business. The expression "first dibs" has a certain meaning within the seafood industry pertaining to fresh catches in the fishing context. Upon information and belief, Defendant does not sell seafood products. Seafood Supply does not sell the same services or products as Defendant. Despite the fact that Defendant registered its domain name after Seafood Supply, Defendant now attempts to hijack the domain name that Seafood Supply rightfully registered back in 1997 through legal threats and bully tactics.

14. A substantial controversy exists between Seafood Supply and Defendant of sufficient immediacy and reality to trigger the jurisdictional requirements of the Declaratory Judgment Act. This Court must decide these issues because the New York court in which Defendant filed suit has no personal jurisdiction over Seafood Supply, and this Court has personal jurisdiction and venue over Defendant either generally or specifically with respect to the claims asserted in this Complaint.

<u>CLAIMS FOR RELIEF</u>

<u>COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF DEFENDANT'S TRADEMARKS</u>

15. Seafood Supply realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

16. Seafood Supply has not infringed and is not infringing any valid or enforceable

trademark rights held by Defendant under Section 32 of the Lanham Act, 15 U.S.C. § 1114, or common law.

17. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Seafood Supply and Defendant as to whether Seafood Supply has infringed or is infringing any valid or enforceable trademark rights held by Defendant under Section 32 of the Lanham Act, 15 U.S.C. § 1114, or common law. In addition, a declaratory judgment is needed to determine the senior user of Defendant's marks since Seafood Supply registered the domain accused of infringement before Defendant began using its marks.

18. Seafood Supply requests a judicial determination and declaration of the respective rights of the parties on the disputes set forth above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights in this regard.

### COUNT II – DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION

19. Seafood Supply realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

20. Seafood Supply has not unfairly competed and is not unfairly competing with Defendant under the common law of unfair competition or under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Seafood Supply and Defendant as to whether Seafood Supply has unfairly competed or is unfairly competing with Defendant under the common law of unfair competition or under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22. Seafood Supply requests a judicial determination and declaration of the respective rights of the parties on the disputes set forth above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights in this regard.

### COUNT III – DECLARATORY JUDGMENT OF NO DILUTION

23. Seafood Supply realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

24. Seafood Supply has not diluted and is not diluting any enforceable and valid trademarks of Defendant under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), TEX. BUS. & COMM. CODE § 16.29, or other law.

25. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Seafood Supply and Defendant as to whether Seafood Supply has diluted and is diluting any enforceable and valid trademarks of Defendant under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), TEX. BUS. & COMM. CODE § 16.29, or other law. In addition, a declaratory judgment is required as to whether Defendant's marks qualify as famous under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). In particular, Seafood Supply registered its domain accused of infringing Defendant's trademarks since before Defendant accrued any rights in the marks, and Seafood Supply has maintained its registration through the present. Moreover, it appears a third party has used a mark similar to Defendant's marks during the period Defendant claims its marks to be famous. Defendant has not exclusively used its marks since registration.

26. Seafood Supply requests a judicial determination and declaration of the respective rights of the parties on the disputes set forth above. Such a determination and declaration are

necessary and appropriate at this time so that the parties may ascertain their respective rights in this regard.

### COUNT IV – DECLARATORY JUDGMENT OF NO CYBERSQUATTING

27. Seafood Supply realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

28. Seafood Supply has not committed and is not cybersquattting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d) through its registration or use of its domain name <firstdibs.com>.

29. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Seafood Supply and Defendant as to whether Seafood Supply has committed and is committing cybersquattting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d) through its registration or use of its domain name <firstdibs.com>.

30. Seafood Supply requests a judicial determination and declaration of the respective rights of the parties on the disputes set forth above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights in this regard.

### COUNT V – DECLARATORY JUDGMENT OF NO FALSE ADVERTISING

31. Seafood Supply realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

32. Seafood Supply has not falsely advertised and is not falsely advertising under Section 43(a) the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) through its registration or use of its domain name <firstdibs.com>.

33.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Seafood Supply and Defendant as to whether Seafood Supply has falsely advertised or is falsely advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) through its registration or use of its domain name <firstdibs.com>.

34.     Seafood Supply requests a judicial determination and declaration of the respective rights of the parties on the disputes set forth above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights in this regard.

## JURY DEMAND

Seafood Supply hereby demands a trial by jury on all issues triable of right to a jury under Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully request the Court to:

a.      Grant and enter judgment declaring that Seafood Supply has not infringed and does not infringe any valid and enforceable trademark rights of Defendant under the common law or under Section 32 of the Lanham Act, 15 U.S.C. § 1114 as well as a determination of the senior user of Defendant's marks;

b.      Grant and enter judgment declaring that Seafood Supply has not committed and is not committing unfair competition under the common law or under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

c.      Grant and enter judgment declaring that Seafood Supply has not diluted and is not diluting any enforceable and valid trademark right of Defendant under section 43(c) of the

Lanham Act, 15 U.S.C. § 1125(c), TEX. BUS. & COMM. CODE § 16.29, or other law as well as whether Defendant's marks qualify as famous within the Lanham Act;

  d. Grant and enter judgment declaring that Seafood Supply has not committed and is not committing cybersquattting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d);

  e. Grant and enter judgment declaring that Seafood Supply has not falsely advertised and is not falsely advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A);

  f. In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in Seafood Supply's favor and award Seafood Supply its reasonable attorneys' fees, costs, and expenses of this action; and

  g. Award Seafood Supply such other and further relief as the Court may deem just and proper.

DATED: July 11, 2012        Respectfully submitted,

                /s/ Darin M. Klemchuk
                Darin M. Klemchuk
                Texas Bar No. 24002418
                Kelsey Weir Johnson
                Texas Bar No. 24051504
                KLEMCHUK KUBASTA LLP
                8150 N. Central Expressway
                10th Floor
                Dallas, Texas 75206
                Tel: 214-367-6000
                Fax: 214-367-6001
                darin.klemchuk@kk-llp.com
                kelsey.johnson@kk-llp.com
                docketing_kkllp@me.com

                **ATTORNEYS FOR SEAFOOD SUPPLY COMPANY, L.P.**