# EXHIBIT B

JS 44C/SDNY
REV. 5/2010

**CIVIL COVER SHEET**

**JUDGE JONES**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

JUN 2 8 2012

**12 CIV 5062**

| PLAINTIFFS | DEFENDANTS |
|---|---|
| 1stdibs.com, Inc., a Delaware corporation | Seafood Supply Company, L.P., a Texas limited partnership |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Karl S. Kronenberger, KRONENBERGER ROSENFELD, LLP
150 Post St., Suite 520, San Francisco, CA 94108

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. §1125 (Trademark Infringement, Cybersquatting, False Advertising, Unfair Competition, Dilution, and Common Law Trademark Infringement

Has this or a similar case been previously filed in SDNY at any time? No? ☑ Yes? ☐    Judge Previously Assigned

If yes, was this case Vol.☐ Invol. ☐ Dismissed. No☐ Yes ☐    if yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*    NATURE OF SUIT

**ACTIONS UNDER STATUTES**

| TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 AGRICULTURE | [ ] 422 APPEAL 28 USC 158 | [ ] 400 STATE REAPPORTIONMENT |
| **CONTRACT** | | [ ] 620 OTHER FOOD & DRUG | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 410 ANTITRUST |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE [ ] 315 AIRPLANE PRODUCT LIABILITY | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | | [ ] 430 BANKS & BANKING |
| [ ] 120 MARINE | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | **PROPERTY RIGHTS** | [ ] 450 COMMERCE [ ] 460 DEPORTATION |
| [ ] 130 MILLER ACT | | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | [ ] 820 COPYRIGHTS [ ] 830 PATENT | |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE [ ] 345 MARINE PRODUCT LIABILITY | **PERSONAL PROPERTY** | [X] 840 TRADEMARK | [ ] 480 CONSUMER CREDIT [ ] 490 CABLE/SATELLITE TV |
| | | [ ] 630 LIQUOR LAWS [ ] 640 RR & TRUCK [ ] 650 AIRLINE REGS [ ] 660 OCCUPATIONAL SAFETY/HEALTH | | |
| [ ] 151 MEDICARE ACT | [ ] 350 MOTOR VEHICLE | [ ] 370 OTHER FRAUD [ ] 371 TRUTH IN LENDING | **SOCIAL SECURITY** | [ ] 810 SELECTIVE SERVICE [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY [ ] 360 OTHER PERSONAL INJURY | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | [ ] 690 OTHER | |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | | **LABOR** | [ ] 861 HIA (1395ff) [ ] 862 BLACK LUNG (923) [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID TITLE XVI [ ] 865 RSI (405(g)) | [ ] 875 CUSTOMER CHALLENGE 12 USC 3410 |
| [ ] 160 STOCKHOLDERS SUITS | | [ ] 710 FAIR LABOR STANDARDS ACT | | [ ] 890 OTHER STATUTORY ACTIONS |
| [ ] 190 OTHER CONTRACT | | [ ] 720 LABOR/MGMT RELATIONS | | [ ] 891 AGRICULTURAL ACTS |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT | **FEDERAL TAX SUITS** | [ ] 892 ECONOMIC STABILIZATION ACT |
| [ ] 196 FRANCHISE | **ACTIONS UNDER STATUTES** | [ ] 740 RAILWAY LABOR ACT [ ] 790 OTHER LABOR LITIGATION | [ ] 870 TAXES (U.S. Plaintiff or Defendant) [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 893 ENVIRONMENTAL MATTERS |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 894 ENERGY ALLOCATION ACT |
| **REAL PROPERTY** | | [ ] 791 EMPL RET INC SECURITY ACT | | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING [ ] 442 EMPLOYMENT | [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255 | **IMMIGRATION** | [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE |
| [ ] 220 FORECLOSURE | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 530 HABEAS CORPUS [ ] 535 DEATH PENALTY | [ ] 462 NATURALIZATION APPLICATION | |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 444 WELFARE [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 540 MANDAMUS & OTHER [ ] 550 CIVIL RIGHTS [ ] 555 PRISON CONDITION | [ ] 463 HABEAS CORPUS- ALIEN DETAINEE [ ] 465 OTHER IMMIGRATION ACTIONS | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 240 TORTS TO LAND | | | | |
| [ ] 245 TORT PRODUCT LIABILITY | | | | |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER [ ] 440 OTHER CIVIL RIGHTS | | | |

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER _____    JUDGE _____ DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: ☑ YES ☐ NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)

**ORIGIN**

| ☑ 1 Original Proceeding | ☐ 2a. Removed from State Court<br>☐ 2b. Removed from State Court AND at least one party is pro se. | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

| ☐ 1 U.S. PLAINTIFF | ☐ 2 U.S. DEFENDANT | ☑ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY |

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1322, 1441)*

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

1stdibs.com, Inc.
156 5th Ave., Ste. 200
New York, NY 10010
New York County, New York

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Seafood Supply Company
1500 Griffin Street East
Dallas, TX 75215

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Check one: | THIS ACTION SHOULD BE ASSIGNED TO:<br>(DO NOT check either box if this a PRISONER PETITION.) | ☐ WHITE PLAINS | ☑ MANHATTAN |

| DATE 6/22/12 | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT<br>[ ] NO<br>[X] YES (DATE ADMITTED Mo. 10 Yr. 08 ) |
| RECEIPT # | | Attorney Bar Code #4631578 |

Magistrate Judge is to be designated by the Clerk of the Court. **MAG. JUDGE GORENSTEIN**

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

JUDGE JONES

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

1STDIBS.COM, INC., a Delaware
corporation,

        Plaintiff,

v.

SEAFOOD SUPPLY COMPANY, L.P., a
Texas limited partnership,

        Defendants.

**CASE NO.**

# 12 CIV 5062

**DEMAND FOR JURY DEMAND**

### COMPLAINT

Plaintiff, 1stdibs.com, Inc. ("1stdibs"), by and through its undersigned counsel, states and alleges as follows:

### INTRODUCTION

1.    1stdibs is a well-known and highly-regarded online marketplace for upscale home décor, furniture, fashion, and jewelry products. 1stdibs operates through its Internet website, located at <www.1stdibs.com>.

2.    1stdibs owns federal trademark registrations for the mark 1STDIBS (U.S. Patent and Trademark Office ("USPTO") Registration Nos. 3,849,749, 3,593,643, and 3,999,182). 1stdibs has been using the mark in commerce for over twelve years, during which time it has developed a reputation as being a source of unique and hard-to-find furniture and home décor items for discerning buyers.

3.    On information and belief, Defendant Seafood Supply Company, L.P. ("Seafood") is a seafood wholesaler based in Dallas, Texas.

4.    On information and belief, at all relevant times, Seafood was the registrant of the Internet domain name <firstdibs.com> (the "Domain").

5.      On information and belief, at no time has Seafood operated a legitimate website at the Domain. Instead, Seafood has used the Domain to profit from 1stdibs' mark and name-recognition by permitting paid advertising for upscale home décor, furniture, fashion, and jewelry products to appear on the webpage located at the Domain, in direct competition with the goods and services offered by 1stdibs.

6.      Without permission or authorization from 1stdibs, Seafood has used 1stdibs' trademarks and confusingly similar marks in connection with their Domain.

7.      On information and belief, Seafood's unauthorized use of 1stdibs' trademarks is not coincidental, but is instead an intentional effort to profit from the recognition and high esteem 1stdibs holds, particularly within the interior decorating community.

8.      1stdibs has been substantially harmed as a result of Seafood's misconduct.

## PARTIES

9.      Plaintiff, 1stdibs.com, Inc., is a Delaware corporation with its principal place of business located in this judicial district in New York, New York.

10.     On information and belief, Defendant Seafood Supply Company, L.P. is a Texas limited partnership based in Dallas, Texas.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over the federal trademark infringement claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  The Court has supplemental jurisdiction over the claim arising under state law pursuant to 28 U.S.C. § 1367(a), in that the state claim is so related to the claims over which the Court has original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

//

2

12.     The Court also has subject matter jurisdiction over the action on the basis of the diversity of citizenship of the parties, under 28 U.S.C. § 1332, and because the amount in controversy exceeds $75,000.

13.     On information and belief, this Court has personal jurisdiction over Defendant because Defendant advertises and/or markets its services to clients and potential clients located throughout the entire United States, including New York, and because Defendant has committed wrongful acts, as alleged herein, causing injury to persons within New York and Defendant expected, or should have reasonably expected, the acts to have consequences within New York.

14.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and, on information and belief, a substantial part of the events giving rise to the claims in this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

### 1stdibs' Business and Mark

15.     1stdibs runs an online marketplace that provides consumers with access to a broad range of goods and services, including upscale and one-of-a-kind artwork, furniture, antiques, fashion, accessories, and real estate services.

16.     1stdibs owns and operates the website <1stdibs.com> (the "1stdibs Website"). 1stdibs first registered the domain name for the 1stdibs Website in or about November 1998.

17.     1stdibs owns several federally-registered trademarks for 1STDIBS (collectively, the "Mark"), including USPTO Registration Nos. 3,849,749, 3,593,643, and 3,999,182.

18.     1stdibs began using the Mark in commerce to identify the products and services offered on its Website at least as early as 2000.  1stdibs has used the Mark substantially, exclusively, and continuously since that time, for approximately 12 years.

3

19.    In addition to use of the Mark within its Internet domain name, 1stdibs uses the Mark as a brand name to identify its products and services.

20.    1stdibs heavily advertises the Mark in a variety of media, including substantial paid online advertisements.

21.    1stdibs' advertising and promotion of the Mark and its brand have been highly successful, and the 1stdibs.com website averages well over 100,000 unique visitors per month.

22.    As a result of 1stdibs' advertising and promotional efforts, the Mark has become famous thought the United States, as well as globally, and is widely associated with 1stdibs' website, products, and services.

## Defendant's Business and Misconduct

23.    On information and belief, Seafood is a seafood wholesaler based in Dallas, Texas.

24.    On information and belief, in or about June 2004, Seafood registered the Domain, at which time 1stdibs' success within the furniture and home décor business was already widely-recognized.

25.    In or about 2008, 1stdibs contacted Seafood and demanded transfer of the Domain. As part of this demand, 1stdibs placed Seafood on actual notice of 1stdibs' use of and rights in the Mark.

26.    Seafood refused to transfer the Domain to 1stdibs on the grounds that, at the time, Seafood was not hosting any active website at the Domain and was therefore, according to Seafood, not infringing on the Mark.

//

//

4

27.     In or about February 2012, 1stdibs discovered that a so-called "parked" webpage appeared on the Domain (the "Webpage"). The Webpage contained paid advertising for upscale home décor, furniture, fashion, and jewelry products.

28.     On information and belief, Seafood permitted the Webpage to display the paid advertising with the intent of capitalizing on the success and recognition of 1stdibs and its Mark.

29.     By permitting the Webpage to display the paid advertising, Seafood competed directly with 1stdibs by marketing furniture and other home décor goods and products online.

30.     On information and belief, in recent months Seafood has also redirected the Domain to its own website at <www.seafoodsupplycompany.com>. In other words, a visitor to the Domain views information advertising Seafood and its services—the same information, including text and graphics, that appears on Seafood's website.

31.     As a result of the similarities in the domain names for the 1stdibs Website and the Domain, Seafood has benefitted, and continues to benefit, from 1stdibs' advertising and promotional efforts, in addition to the goodwill and recognition it has generated for its brand.

32.     Seafood's use of the Mark and confusingly similar terms in the Domain is likely to confuse and deceive consumers as to the source of the competing products advertised by Seafood.

33.     Indeed, as a result of the similarities in the domain names for the 1stdibs Website and the Domain, actual consumer confusion has occurred.

34.     For example, 1stdibs has received email communications from customers, stating that they had attempted to email representatives of 1stdibs using the Domain—i.e., name@firstdibs.com—without success before realizing that the Domain did not belong to 1stdibs.

5

35.     The likelihood of consumer confusion stands to increase as 1stdibs expands into international markets that do not recognize, or are less familiar with, the ordinal use of "first."

36.     Seafood's actions are willful and reflect intent to confuse consumers and profit from the goodwill associated with 1stdibs' Mark.

37.     Prior to filing this Complaint, and commencing in 2008, 1stdibs sent at least three letters, and made several other informal demands, informing Seafood of 1stdibs' trademark rights and demanding that the infringing and deceptive conduct described above cease.  At every turn, Seafood expressly refused to honor 1stdibs' demands.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1125)

38.     1stdibs repeats and realleges each of the preceding paragraphs as if fully set forth herein.

39.     Seafood's actions alleged above constitute the knowing use of an infringing mark and false designation of origin, false and misleading description of fact, false and misleading representation of fact, false advertising, and unfair competition, all in violation of 15 U.S.C. § 1125(a).

40.     1stdibs owns the 1STDIBS Mark.

41.     Seafood's unauthorized use of the Mark and/or confusingly similar terms in commerce to falsely represent, describe, and/or designate the origin of competing products is likely to cause confusion as to: (a) the source of the competing products, (b) an affiliation or connection between Seafood and 1stdibs, and/or (c) the origin, sponsorship, or approval of the competing products.

42.     Seafood's conduct has damaged 1stdibs' business, reputation, and goodwill.

43.     Seafood at all times was aware of 1stdibs' Mark, as well as the 1stdibs Website, and purposely copied those marks and registered a confusingly similar domain name. Seafood was put on notice of the allegations set forth herein, but the conduct has continued. Seafood's conduct has been willful and intentional, and Seafood engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with 1stdibs' Mark. Accordingly, 1stdibs respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

44.     Seafood's conduct will continue unless enjoined by this Court.

45.     As a direct and proximate result of Seafood's willful and unlawful actions, 1stdibs has suffered and continues to suffer irreparable harm, including damage to and diminution in value of 1stdibs' Mark, for which there is no adequate remedy at law. Accordingly, 1stdibs is entitled to injunctive and equitable relief.

## SECOND CLAIM FOR RELIEF

### (Cybersquatting Under the Lanham Act, 15 U.S.C. § 1125)

46.     1stdibs repeats and realleges each of the preceding paragraphs as if fully set forth herein.

47.     Seafood, in bad faith, intended to profit from the Mark by registering, trafficking in, and/or using the domain name <firstdibs.com>, which contains a confusingly similar term to the Mark.

48.     At the time Seafood registered the domain name <firstdibs.com>, it was identical, or confusingly similar, to the Mark.

49.     At the time Seafood renewed its registration to the domain name <firstdibs.com>, it was identical, or confusingly similar, to the Mark.

7

50.     As a direct and proximate result of Seafood's actions, conduct, and practices alleged above, 1stdibs has been damaged and will continue to be damaged.

### THIRD CLAIM FOR RELIEF

### (False Advertising Under the Lanham Act, 15 U.S.C. § 1125)

51.     1stdibs repeats and realleges each of the preceding paragraphs as if fully set forth herein.

52.     Seafood's registration and use in commerce of the domain name <firstdibs.com> constitutes commercial advertising or promotion within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

53.     Seafood's registration and use in commerce of the domain name <firstdibs.com> misrepresents the nature, characteristics, and qualities of Seafood's and 1stdibs' goods.

54.     As a direct and proximate result of Seafood's actions, conduct, and practices as alleged above, 1stdibs is likely to be and has been damaged and will continue to be damaged.

55.     On information and belief, Seafood's conduct has been willful and intentional, and Seafood engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with 1stdibs' Mark. Accordingly, 1stdibs respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

56.     Seafood's conduct will continue unless enjoined by this Court.

57.     As a direct and proximate result of Seafood's willful and unlawful actions, 1stdibs has suffered and continues to suffer irreparable harm, including damage to and diminution in value of 1stdibs' Mark, for which there is no adequate remedy at law. Accordingly, 1stdibs is entitled to injunctive and equitable relief.

8

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125)

58.     1stdibs repeats and realleges each of the preceding paragraphs as if fully set forth herein.

59.     Seafood's infringement and false advertising, as alleged above, constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

60.     Seafood's conduct has damaged and continues to damage 1stdibs' business, reputation, and goodwill.

61.     On information and belief, Seafood's conduct has been willful and intentional, and Seafood engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with 1stdibs' Mark.   Accordingly, 1stdibs respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

62.     Seafood's conduct will continue unless enjoined by this Court.

63.     As a direct and proximate result of Seafood's willful and unlawful actions, 1stdibs has suffered and continues to suffer irreparable harm, including damage to and diminution in value of 1stdibs' Mark, for which there is no adequate remedy at law.  Accordingly, 1stdibs is entitled to injunctive and equitable relief.

## FIFTH CLAIM FOR RELIEF

### (Dilution Under the Lanham Act, 15 U.S.C. § 1125)

64.     1stdibs repeats and realleges each of the preceding paragraphs as if fully set forth herein.

//

65. 1stdibs' Mark is famous, and widely recognized by the general consuming public of the United States as designations of the source of 1stdibs' products.

66. Seafood's actions alleged herein commenced after 1stdibs' Mark became famous.

67. Seafood's actions have lessened the capacity of 1stdibs' Mark to identify and distinguish 1stdibs' products.

68. Seafood's conduct has caused or is likely to cause dilution by blurring of the distinctive quality of 1stdibs' famous Mark, to 1stdibs' irreparable injury and damage.

69. Seafood's conduct has caused or is likely to cause dilution by tarnishing the reputation of 1stdibs' brand and the products sold under the Mark, to 1stdibs' irreparable injury and damage.

70. Seafood's conduct has damaged and continues to damage 1stdibs' business, reputation, and goodwill.

71. On information and belief, Seafood's conduct has been willful and intentional, and Seafood engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with 1stdibs' Mark. Accordingly, 1stdibs respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs pursuant to 15 U.S.C. § 1117.

72. Seafood's conduct will continue unless enjoined by this Court.

73. As a direct and proximate result of Seafood's willful and unlawful actions, 1stdibs has suffered and continues to suffer irreparable harm, including damage to and diminution in value of 1stdibs' Mark, for which there is no adequate remedy at law. Accordingly, 1stdibs is entitled to injunctive and equitable relief.

//

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

74.    1stdibs repeats and realleges each of the preceding paragraphs as if fully set forth herein.

75.    Seafood's unauthorized uses of the Mark, and confusingly similar terms, as alleged above, constitute trademark infringement under the common law of the State of New York.

76.    Seafood's conduct has damaged and continues to damage 1stdibs' business, reputation, and goodwill.

77.    On information and belief, Seafood's conduct has been willful and intentional, and Seafood engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with 1stdibs' Mark. Accordingly, 1stdibs respectfully requests damages in an amount three times actual damages, and an award of attorney fees and costs.

78.    Seafood's conduct will continue unless enjoined by this Court.

79.    As a direct and proximate result of Seafood's willful and unlawful actions, 1stdibs has suffered and continues to suffer irreparable harm, including damage to and diminution in value of 1stdibs' Mark, for which there is no adequate remedy at law. Accordingly, 1stdibs is entitled to injunctive and equitable relief.

//

//

//

//

11

## PRAYER FOR RELIEF

**WHEREFORE**, 1stdibs respectfully requests judgment as follows:

1.     That the Court issue a preliminary and permanent injunction restraining Seafood and any of its officers, directors, agents, employees, servants, attorneys, successors, assigns, and all others in privity or active concert with Seafood, from using any of 1stdibs' trademarks in any domain name, online content, advertising or promotional materials, or within the name of Seafood's business;

2.     That the Court enter a judgment finding that:

     a.     Seafood has infringed on 1stdibs' trademarks in violation of the Lanham Act and the common law of the State of New York,

     b.     Seafood's infringement of 1stdibs' trademarks constitutes unlawful cybersquatting in violation of the Lanham Act,

     c.     Seafood's infringement of 1stdibs' trademarks constitutes false advertising under the Lanham Act,

     d.     Seafood's infringement of 1stdibs' trademarks constitutes unfair competition under the Lanham Act, and

     e.     Seafood's infringement of 1stdibs' trademarks constitutes unlawful dilution under the Lanham Act;

3.     That the Court award damages and monetary relief as follows:

     a.     Statutory damages of $100,000 against Seafood pursuant to 15 U.S.C. § 1117(d),

     b.     Compensatory damages against Seafood, together with appropriate interest thereon, in an amount to be determined at trial,

      c.     1stdibs's attorneys' fees pursuant to 15 U.S.C. § 1117, and

      d.     1stdibs's costs; and

  4.    Such other relief that the Court determines is just and proper.

Dated this 26th day of June, 2012.        KRONENBERGER ROSENFELD, LLP

By: _____

               Karl S. Kronenberger
               150 Post Street, Suite 520
               San Francisco, CA 94108
               Karl@KRInternetLaw.com
               Telephone: (415) 955-1155
               Facsimile: (415) 955-1158

               Attorneys for Plaintiff

13

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial of this action by jury.

Dated this 26th day of June, 2012.                KRONENBERGER ROSENFELD, LLP

By:

Karl S. Kronenberger
150 Post Street, Suite 520
San Francisco, CA 94108
Karl@KRInternetLaw.com
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Plaintiff

14